### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Ryan Keith Stills, | ) | CASE NO. 1:25 CV 2760 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| Stephen Reynolds, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Petitioner Ryan Keith Stills, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Petitioner is incarcerated in the Lake Erie Correctional Institution, serving a sentence of thirty months for one count of Attempted Illegal Conveyance of Drugs of Abuse Onto the Grounds of a Specified Governmental Facility, a fourth degree felony in violation of Ohio Revised Code §§ 2923.02 and 2921.36(A)(2); and Possession of Drugs, a fifth degree felony, in violation of Ohio Revised Code § 2925.11.  In his Petition, he asserts three Grounds for relief: (1) he is restrained under a judgment entered without lawful authority, in violation of the Due Process Clause of the Fourteenth Amendment; (2) continued custody subjects him to a substantial risk of serious harm in violation of the Eighth Amendment; and (3) he has been denied meaningful access to courts in violation of the Fourteenth Amendment.  He admits that he has not exhausted his

1

state court remedies but indicates that exhaustion should be waived due to his medical condition.  For the reasons set forth below, the Petition is denied, and this action is dismissed without prejudice.

### BACKGROUND

Petitioner pled guilty to charges of a lesser included, offense of Attempted Illegal Conveyance of Drugs of Abuse Onto the Grounds of a Specified Governmental Facility, a fourth degree felony, and Possession of Drugs, a fifth degree felony, in the Lake County Court of Common Pleas.  *See State of Ohio v. Stills*, No. 21-CR-000943 (Lake Cty Comm. Pl. Ct. Jan. 23, 2023).  The State agreed to dismiss the remaining charges in exchange for his guilty plea.  On January 23, 2023, the Common Pleas Court sentenced Petitioner to two years of community control ("probation"), with an additional 60 days in jail.  He was ordered to immediately enter the Lake County Jail Treatment Program and follow all aftercare recommendations.  Upon completion of that program, he was ordered to participate in and successfully complete the Northeast Ohio Community Alternative Program ("NEOCAP") and follow all of the aftercare recommendations.  Upon release from NEOCAP, he was required to serve an additional thirty (30) days in the Lake County Jail and was required to participate in the Transitional Day Reporting Program.  He was required to attend a minimum of two (2) Alcoholics/Narcotics Anonymous meetings per week.  He was required to obtain a mental health evaluation and follow all of the recommendations.  Finally, he was ordered to have only one prescribing physician, one dentist, and one pharmacy.  He was informed that if he violated the terms of his probation, he would be sentenced to up to eighteen (18) months in prison on Count 1 and twelve (12) months on Count 2, to be served consecutively,

for a total of thirty (30) months in prison, followed by a term of post release control of up to 5 years.

On November 6, 2023, the State of Ohio filed a Motion to Terminate Community Control alleging, among other things, that he failed to report to the Lake County Probation Department as directed.  The Court issued a warrant for his arrest and scheduled a probation violation hearing for November 1, 2024.  Petitioner failed to appear.  He filed a Motion to Quash the warrant, but the Court denied the Motion at the probation violation hearing on April 24, 2025.  Petitioner pled guilty to multiple probation violations, including submitting a urine sample on October 3, 2023 that tested positive for methamphetamine, failing to report to his probation officer after October 3, 2024, not being present for a home visit and having the occupants of that home confirm that Petitioner no longer lived there and his whereabouts were unknown, and failing to report for subsequent urine drug testing.  The Court terminated his probation and imposed a prison term of twelve (12) months incarceration on Count 1, and (9) nine months incarceration on Count 2, to be served consecutively.  The Court awarded him 335 days of jail time credit.  His projected release date is March 5, 2026.

Petitioner's wife filed an appeal of this decision on his behalf as next of friend to the Ohio Eleventh District Court of Appeals on April 29, 2025.  The Appeal was dismissed because Petitioner had not submitted a Notice of Appeal which he personally signed, or which was signed by a licensed attorney on his behalf.  *See State of Ohio v. Stills*, No. 2025-L-046 (Ohio 11 Dist. App. Ct June 30, 2025.  He did not appeal to the Supreme Court of Ohio.

Instead, on December 22, 2025, Petitioner filed this Petition for a Writ of Habeas Corpus, seeking early release from his incarceration.  He claims, without explanation, that

3

the sentencing court lacked constitutional authority to impose judgment and custody pursuant to a void judgment and violates due process.  Next, he claims that incarceration subjects him to a substantial risk of serious harm.  He indicates that he suffers from a traumatic brain injury, a seizure disorder and symptoms that he believes to be consistent with an active cerebrospinal fluid leak.  He indicates that the prison has denied him a "timely diagnostic evaluation and treatment" which constitutes deliberate indifference to serious medical needs. (Doc. No. 1 at PageID #: 2).  Finally, he claims he has been denied access to the courts because his "medical and cognitive disabilities, combined with custodial restriction and lack of appointed counsel have resulted in repeated procedural barriers that foreclose meaningful review of his claims."  (Doc. No. 1 at PageID #: 3).  He asks this Court to order his release from prison and to appoint counsel to represent him.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of

4

correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

### CLAIMS COGNIZABLE UNDER 28 U.S.C. § 2254

As an initial matter, two of Petitioner's three grounds for relief assert claims that present objections to the conditions of his confinement. Generally, a federal court's authority in a habeas proceeding under § 2254 extends only to determining the legality of the Petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Claims challenging conditions of confinement must be filed in a civil rights action under 42 U.S.C. § 1983. Plaintiff's claim that he is being denied diagnostic testing and a treatment plan for what he believes could be a serious illness is a challenge to the condition of his confinement. While he claims he needs to be released immediately to protect his health, this is an issue which could be addressed by the prison medical staff or the Ohio Department of Rehabilitation and Correction. It is not a ground for habeas relief. In addition, his claim for denial of access to courts is a challenge to conditions of confinement. This claim also cannot be asserted in a habeas petition.

In addition, claims that are matters of state law cannot be brought in a § 2254 habeas petition. A federal habeas court sitting in review of a state-court judgment cannot second

5

guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court cannot revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). A claim based solely on an error of state law is not redressable through the federal habeas process. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

The only ground for relief in the Petition which arguably challenges Petitioner's conviction or sentence is his first ground stating that the sentencing court lacked constitutional authority to impose judgment. He does not indicate whether he is referring to the original sentencing which imposed a sentence of probation, or the probation violation decision which revoked his probation and imposed a prison term. He does not indicate why he believes the court lacked authority to impose judgment. It appears, however, from the handwritten documents attached to his Petition that Petitioner is suggesting that because he was sentenced to two years of probation in January 2023, his probation expired in January 2025. He contends that although his probation violations occurred in October 2024, the State filed its Motion to Terminate Probation in November 2024, the probation violation hearing was set for November 2024, the Petitioner failed to appear at the November 2024 resulting in a warrant for his arrest, and the trial court tolled his probation until he was arrested and received the hearing in April 2025, his probation still expired on January 23, 2025, and the State of Ohio lost jurisdiction to rescind his probation. The manner in which a state calculates the beginning and end of a sentence and the circumstances under which that sentence is

tolled, is a matter of state law, not federal constitutional law. That claim is not cognizable in a habeas petition under 28 U.S.C. § 2254.

## PROCEDURAL BARRIERS TO HABEAS REVIEW

Finally, even if first ground for relief were a question of federal constitutional law, rather than an interpretation of state law, Petitioner did not exhaust his state court remedies for this claim. Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*,

7

142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id*. This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal Petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a Petitioner procedurally defaults a claim if his claim is dismissed because he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Second, a Petitioner procedurally defaults a claim by failing to raise that claim in state court and pursue that claim through the state's ordinary appellate review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). This can occur if the Petitioner files an appeal but fails to include that claim or simply does not appeal the conviction or sentence. If, at the time federal habeas petition is filed, state law no longer allows the Petitioner to return to state court and raise the claim in a second direct appeal or in a delayed appeal, the claim is procedurally defaulted. *Williams*, 460 F.3d at 806.

8

While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the Petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the Petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

In this case, Petitioner's direct appeal of his prison sentence was dismissed because Petitioner's wife signed the Notice of Appeal on his behalf.   He did not sign the Notice of Appeal.  Because the Ohio Appellate Court granted the State's Motion to Strike the Notice of Appeal, it is unclear whether Petitioner still has a potential remedy in the Ohio Appellate Courts.  Consequently, Petitioner must exhaust his state court remedies before this Court can consider this ground in a habeas petition

**CONCLUSION**

For all the foregoing reasons, the Petition (Doc. No. 1) is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

PAMELA A. BARKER
Date:  1/6/2026                    U. S. DISTRICT JUDGE